UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
BROWARD COUNTY, CIVIL DIVISION
Judge Martinez

LYNN WOLFE, as Personal
Representative of the ESTATE OF
DANIEL WOLFE, on behalf of the
Estate, and on behalf of Daniel Wolfe's
Survivor, LYNN WOLFE,

CASE NO.: 0:10-cv-60736-JEM

        Plaintiff,

Vs.

FLORIDA DEPARTMENT OF
CORRECTIONS,

        Defendant.

_____/

## DEFENDANT FLORIDA DEPARTMENT OF CORRECTION'S MOTION TO TRANSFER VENUE

COMES NOW Defendant, FLORIDA DEPARTMENT OF CORRECTIONS (FDOC), by and through undersigned counsel, pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 1404, hereby requests that this Honorable Court transfer venue of this cause to the Middle District of Florida as the appropriate venue, for the convenience of the parties and witnesses, and in the interest of justice.

A.    Relevant Venue Statutes

Under 28 U.S.C. § 1391, states in part:

> "(b) a civil action wherein jurisdiction is not found its solely on diversity of citizenship may, accept as otherwise provided by law be brought <u>only in</u> (1) a judicial district where any defendant resides, if all defendants reside in the same state, sue (2) a judicial district in which a substantial

1

> part of the events or admissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action situated or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought."

Moreover 28 U.S.C. § 1404, states:

> "(a) for the convenience of the parties and witnesses, and in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

Under these basic tenants of law, Defendant hereby moves the Court to transfer venue to the Middle District of Florida as the appropriate and more convenient venue, and the proper venue to provide the most efficient justice of this case. Even though the Middle District's Ocala Division is presumptive for actions from Lake County, the Defendant would respectfully suggest that the case be transferred to the Middle District's Tampa Division for the greatest convenience to all parties, witnesses and counsel.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO TRANSFER VENUE

B.    Facts of Case

Plaintiff has alleged Florida wrongful death claim and violations under the American with Disabilities Act ("ADA") for events that took place in Lake County, Florida, where the Plaintiff's decedent was serving a sentence of imprisonment at an institution of the FDOC. Located in Central Florida, Lake County is within the Middle District of Florida. Paragraph 9 of Plaintiff's Amended Complaint states:

> "At all times material to this action, Daniel Wolfe (hereinafter "Daniel"), was an inmate confined in Lake Correctional Institution in Clermont, Florida, a correctional facility owned and operated by defendant Florida Department of Corrections. Daniel Wolfe was born on September 27, 1981, in Fort Lauderdale, Florida."

2

In addition Plaintiff alleges facts in paragraphs 11 through 40 of the Amended Complaint. These facts alleged in paragraph 11 through 40 discuss the events surrounding the claims of wrongful death and ADA violations. **Each and every event alleged took place at the Lake Correctional Institution by employees of the Department of Corrections whom all worked at the Lake Correctional Institution, a facility located in Clermont, Lake County, Florida**. As such each and every event and fact concerning this case took place at Lake Correctional Institution in Clermont, Lake County Florida, within the Middle District of Florida.

More specifically, paragraph 28 of Plaintiff's Amended Complaint specifically alleges that Daniel needed to be transferred within the Lake County facility to be more closely monitored. this is an allegation which asserts causation as to the death and/or reasonable accommodations afforded to the Plaintiff, and asserts that these important issues all took place at the Lake Correctional Institution in Clermont, Lake County, i.e. the Middle District of Florida. Thus, the central issues of this case all surround the Middle District of Florida. Virtually all or most discovery will take place in Lake County, with all or most witnesses located in the Middle District of Florida. If this case goes to trial and/or an evidentiary hearings, virtually or almost all witnesses will be coming from Lake County and the Middle District, less than an hour's drive away.

C.      Standard of Review

The decision to transfer an action pursuant to § 1404 (a) is left to the "sound discretion of the district court and is reviewable only for an abuse of that discretion." See Roofing & Sheeting Metal Serv. v. La Quinta Motor Inns, 628 F. 2d. 928, 985 (11th Cir. 1982).

3

D.     Argument

Venue is proper in the Middle District of Florida because the incident, events and all witnesses and location of the incident all took place in Lake County.  (See Plaintiff's Amended Complaint).  Virtually all or most witnesses will be prison personnel, medical staff and/or inmates from or affiliated with the Lake Correctional Institute.  Accordingly, under 28 U.S.C. § 1391 (a) (2) venue is proper in the Middle District of Florida.

Because the Middle District of Florida is a proper venue, the Court should look to the allegations of the Plaintiff to see if a venue transfer is appropriate based on the convenience of the parties and the witnesses and in the interest of justice.  See 28 U.S.C. § 1404.  Here the Amended Complaint states that all actions over a several-year period took place in Lake Correctional Institution in Clermont, Lake County Florida.  Plaintiff has cited the location of this facility and that all actions regarding the alleged wrongful death and ADA violations all took place in this facility.  As such all witnesses, evidentiary proof and all access to proof of the allegations herein will be exclusively limited to Lake County, Florida.  Therefore, for the interest of the litigants, moreover all the witnesses and the public's interest and the fair and efficient administration of justice under 28 U.S.C. § 1404, the Court should transfer venue to the Middle District of Florida.

Plaintiff's Complaint only alleges venue based on the convenience of the sole fact that the Estate of Daniel Wolfe was opened in Broward County and the survivor lives in that venue.  The Defendant cannot foresee any factual basis or evidentiary proof that Plaintiff may allege concerning convenience of the witnesses or the efficiency of justice being better served in the Southern District of Florida.  Overwhelmingly, the witnesses and evidence are in the Middle District of Florida.

E.    Conclusion

As venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391 and because the convenience of the parties and witnesses would be better served and in the interest of justice, venue should be transferred pursuant 28 U.S.C. § 1404 to the Middle District of Florida, as stated herein, from the Southern District of Florida. Although the Middle District's tiny Ocala Division is the presumptive venue, due to the convenience of Tampa to Lake County as center of the activity of this case, and the abundance of flights at Tampa International Airport to and from Miami and Ft. Lauderdale and easy travel to Lake County, Defendant respectfully suggests that the Tampa Division is the most convenient and proper site for this case.

F.    7.1 (a)(3) Certification

The undersigned counsel has conducted a pre-filing conference in good-faith with Plaintiffs' counsel about transferring venue to the Middle District pursuant to Local Rule 7.1(a)(3), however, the issue herein remains unresolved. Plaintiff's counsel advises that Plaintiff objects to this motion, not so much as to the transfer to the Middle District of Florida but rather to assignment in particular to the Middle District's Tampa Division. Accordingly, Plaintiff advises that they will be filing an objection in response to this motion.

WHEREFORE, the Defendant FDOC respectfully requests that this Honorable Court transfer venue of this case to the Middle District of Florida and the Tampa Division.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been provided via U.S. Mail, postage pre-paid, to Randall C. Berg, Jr., Esq., Joshua A. Glickman, Esq. and Shawn A. Heller, Esq., Florida Justice Institute, Inc., 100 S.E. 2nd Street, 3750 Miami Tower, Miami, Florida 33131-2309 this _13___ day of May, 2010.

**MANDELBAUM, FITZSIMMONS**
**& HEWITT, P.A.**

**/s/ Scott K. Hewitt**
_____

**SAMUEL R. MANDELBAUM**
**FLORIDA BAR NO.: 270806**
**SRM@MANFITZLAW.COM**
**SCOTT K. HEWITT, ESQ. #164836**
**SKH@MANFITZLAW.COM**
Post Office Box 3373
Tampa, Florida  33601
Telephone: (813) 221-0200
Facsimile: (813) 221-8558
_Attorneys for Defendant Florida Dept. of Corrections_