# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

**LYNN WOLFE as Personal Representative of the Estates of Daniel Wolfe, on behalf of the Estate, and on behalf of Daniel Wolfe's Survivor, Lynn Wolfe,**

        **Plaintiff,**

**-vs-**                                                    **Case No.  5:10-cv-663-Oc-10DAB**

**Florida Department of Corrections,**

        **Defendant.**

_____/

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **Plaintiff's Motion To Compel And Motion For Sanctions (Doc. No. 15)**
>
> **FILED:**    December 13, 2010
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED as moot.**

This action originally was filed in state court in Broward County, Florida, and timely removed to the United States District Court, Southern District of Florida. (Doc. Nos. 1 & 5). On May 13, 2010, Defendant filed a motion to transfer venue to the Middle District of Florida, Tampa Division. (Doc. No. 7). Plaintiff agreed to the transfer as long as the case was transferred to the Ocala Division. (Doc. No. 10). This case was transferred on December 15, 2010. (Doc. Nos. 17 & 18).

While this action was still pending in the Southern District, Plaintiff served discovery requests on Defendant. According to Defendant, it did not believe there were any "impending time parameters" since the parties had agreed on venue and it was only a matter of time before the case was transferred to the Middle District, "where discovery could be properly scheduled." Doc. No. 21 at ¶3. After Defendant failed to serve its initial disclosures and its responses to Plaintiff's First Request For Production Of Documents and First Set Of Interrogatories – and before this case was transferred – Plaintiff filed the instant motion to compel. Defendant argues that the motion should be denied as moot and the Court agrees.

Upon being transferred to this Court, the parties were directed to confer and file a new Case Management Report utilizing the format employed in the Middle District of Florida. (Doc. No. 19). Defendant represents that the parties are scheduled to conduct a case management conference on January 3, 2011. Once the parties file their Case Management Report, the Court will establish deadlines for the case, including a deadline for the completion of discovery. Pursuant to Local Rule 3.05(c)(2), the parties were not permitted to seek discovery from any source before the case management conference. However, even if these discovery requests were not premature, Defendant now has provided responses. (Doc. No. 21-1). To the extent Plaintiff is dissatisfied with the discovery responses, she will have the opportunity to challenge them during the discovery period established by this Court. Accordingly, Plaintiff's motion is due to be denied as moot.

**DONE** and **ORDERED** in Orlando, Florida on January 3, 2011.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record