UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION
CASE NO. 5:10-cv-663-Oc-10DAB

LYNN WOLFE as Personal Representative
of the ESTATE OF DANIEL WOLFE, on behalf
of the Estate, and on behalf
of Daniel Wolfe's Survivor, Lynn Wolfe,

    Plaintiff,

v.

FLORIDA DEPARTMENT OF CORRECTIONS,
an Agency of the State of Florida,

    Defendant.
_____/

## PLAINTIFF'S MOTION TO COMPEL

Plaintiff, by and through undersigned counsel, and pursuant to Rules 34 and 37, Federal Rules of Civil Procedure, and Local Rule 3.04(a) of the Middle District of Florida, hereby moves to compel Defendant to properly and fully respond to three sets of discovery requests to which Defendant has completely failed to respond. In support, Plaintiff states the following:

1. Plaintiff served her **First Request for Production of Documents** on October 15, 2010. Defendant timely responded with various documents. However, during the July 20, 2011 deposition of Sergeant Scott Ackerman, it became apparent that Defendant was in possession of various other documents that are responsive to Request Number 1, which is as follows:

> Please produce any and all documents relating to Daniel Wolfe, including, but not limited to, his inmate records, his inmate files, his hospital records, his utilization management records, his medical records, his mental health records, memoranda, emails, and the emergencies and/or incidents that arose as a result of Daniel Wolfe's respiratory condition(s) and/or illness(es) on November 26, 2004, September 4, 2005, November 27, 2005, August 3, 2006, and/or any other date not specifically mentioned.

{07042693;3}

2. Specifically, Defendant is in possession of 1) incident reports related to Daniel Wolfe's 2004 asthma attack, 2) Daniel Wolfe's visitation logs, 3) security and/or housing logs created the night of Daniel Wolfe's death and the night of his 2004 asthma attack, and 4) fixed-wing videos from the date of Daniel Wolfe's 2004 asthma attack and the date of his death.[1] Further, pursuant to F.A.C. 33-602.112, the Florida Department of Corrections is required to immediately notify the Florida Department of Law Enforcement (FDLE) whenever an inmate dies in custody. Plaintiff has not received a copy of that official notification. Plaintiff's counsel has asked Defendant's counsel for these documents multiple times; however, to date they have not been produced. Thus, Plaintiff seeks an order compelling their production.

3. Plaintiff served her **Second Set of Interrogatories** on June 24, 2011, making a response due on July 27, 2011. The interrogatories that have not been answered are as follows:

1. Set forth the names, last known addresses and phone numbers (if no longer employed by the FDOC), and titles for all employees or agents of the Defendant who were working at 1:00 a.m. on November 26, 2004, in E-Dorm. This request includes correctional staff as well as those medical staff who came to and attended to Daniel Wolfe's asthma attack on this date.

2. Set forth the names and DOC numbers for all inmates who were housed in E-Dorm at 1:00 a.m. on November 26, 2004.

4. Again, despite numerous requests for a response to these interrogatories, Defendant has failed to respond. Thus, Plaintiff seeks an order compelling Defendant to respond.

5. Plaintiff served her **Third Set of Interrogatories** on August 29, 2011, making a response due on October 3, 2011. The interrogatories that have not been answered are as follows:

---

[1] The Term Document is defined to include video.

{07042693;3}

1. Please describe in detail what items are contained in the "medical bag" which is kept at the Nurse's Station at Lake Correctional Institution, and what additional items are typically taken by nurses on the "Medical Cart" when responding to an emergency at Lake Correctional Institution.

2. Please describe in detail what items were actually in the "medical bag" brought by the nurse(s) to Daniel Wolfe on the date of his death, and what items were on the "Medical Cart," that was used to transport the nurse(s) to Daniel on the same date.

3. Please indicate the name and title of the current Americans with Disabilities Act coordinator at Lake Correctional Institution.

4. Please indicate the name and title of the Americans with Disabilities Act coordinator at Lake Correctional Institution who served in that role on the date Daniel Wolfe died, and please indicate whether this individual is a current or former employee of the Florida Department of Corrections. If a current employee, please indicate which institution he or she is presently working at. If a former employee, please indicate his or her current address and phone number. If Defendant is willing to serve such a person on Plaintiff's behalf, Plaintiff is willing to withdraw her request for the former employee's address and phone number.

5. Please indicate the name and current title of the FDOC employee or agent currently working at Lake Correctional Institution who has ultimate responsibility for the determination of where newly arrived inmates are housed.

6. Please indicate the name, last known address and phone number (if no longer employed by the FDOC), and title for the FDOC employee or agent who had ultimate responsibility for determining where Daniel Wolfe was housed at Lake Correctional Institution prior to his death.

7. Please describe, in detail, the process through which newly arrived inmates at Lake Correctional Institution are given housing assignments, and the name and current title of the FDOC employee(s) or agent(s) who are involved in such process.

8. Please indicate the FDOC's criteria, policy, and/or protocol to be applied regarding the housing of newly arrived inmates at Lake Correctional Institution, and whether an inmate's medical disability is taken into account by the FDOC in determining housing assignments. For each such criterion, policy, and/or protocol, please identify with sufficient particularity in what publication, report, technical assistance bulletin, Florida Administrative Code provision, and/or other printed volume each such criterion, policy, and/or protocol can be found.

6. Plaintiff has reached out to Defendant's counsel to inquire as to when a response can be expected; however, Defendant's counsel was unable to provide such a date. Thus, Plaintiff seeks an order compelling Defendant to respond.

7. Because Defendant has failed to respond timely to the outstanding discovery, Defendant has waived all objections. *See, e.g.*, *Reliance Ins. Co. v. Core Carriers, Inc.*, 2008 WL 2414041, *2 (M.D. Fla. June 11, 2008) ("Therefore, when a party fails to timely object to interrogatories, production requests, or other discovery efforts, the objections are deemed waived. . . . The waiver operates even in situations where a party had a proper objection to a discovery request.") (quotations and citations omitted); *Third Party Verification, Inc. v. SignatureLink, Inc.*, 2007 WL 1288361 *3 (M.D. Fla. May 2, 2007) (holding "[a] party who fails to file timely objections waives all objections, including those based on privilege or work product.") (internal citations omitted); *Pitts v. Francis*, 2008 WL 2229524 *2 (N.D. Fla. May 28, 2008) ("[W]hen a party fails to timely object to interrogatories, production requests, or other discovery efforts, the objections are deemed waived") (citing *In re United States*, 864 F.2d 1153, 1156 (5th Cir.1989)).

8. Accordingly, Plaintiff requests that the Court enter an order compelling Defendant to respond to the outstanding discovery, and deeming all objections waived.

9. If this Motion is granted or the discovery sought is provided after the Motion is filed, Plaintiff requests her reasonable attorneys' fees and costs incurred in relation to this Motion to Compel. Federal Rule of Civil Procedure 37(a)(5)(A) provides:

> If the motion is granted — or if the disclosure or requested discovery is provided after the motion was filed — the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

10. None of the exceptions enumerated in FRCP 37 apply here, as Defendant has completely failed to respond to these discovery requests despite numerous inquiries from Plaintiff's counsel. Thus, Plaintiff respectfully requests an order compelling Defendant to pay her reasonable attorneys' fees and costs incurred in relation to this Motion.[2] *See, e.g., Chen v. Cayman Arts, Inc.*, 2011 WL 2491009, *5 (S.D. Fla. June 22, 2011) ("Federal Rule of Civil Procedure 37(a)(5)(A) requires that when a court grants a motion to compel or when the requested discovery is provided after the filing of the motion, it must require the opposing party to pay the movant's reasonable expenses, including attorney's fees, unless the opposing party's nondisclosure was 'substantially justified' or 'other circumstances make an award of expenses unjust.'"); *Simmons v. Orbis Corp.*, 2010 WL 2196968, *5-6 (N.D. Ga. May 13, 2010) (granting motion for fees and costs under Rule 37(a)(5)(A) when party failed to respond to discovery).

11. **Certificate of Counsel**. Pursuant to Fed. R. Civ. P. 37(a)(1) and Local Rule 3.01(g), M.D. Fla., Plaintiff has, in good faith, attempted to confer with counsel for the Defendant, who has indicated that he has been unable to procure the outstanding discovery.

---

[2] Should the Court grant this request, Plaintiff will provide an affidavit describing the costs incurred, the number of attorneys' fees reasonably expended, and the attorneys' hourly rates.

{07042693;3}

WHEREFORE, Plaintiff respectfully requests that the Court enter an order requiring Defendant to fully and properly respond to the outstanding discovery, deeming all objections to said discovery waived, and requiring Defendant to pay Plaintiff her reasonable attorneys' fees and costs incurred in relation to this Motion to Compel.

Respectfully submitted,

Randall C. Berg, Jr., Esq.
Florida Bar No. 318371
Joshua A. Glickman, Esq.
Florida Bar No. 43994
Shawn A. Heller, Esq.
Florida Bar No. 46346

Florida Justice Institute, Inc.
3750 Miami Tower
100 S.E. Second Street
Miami, Florida 33131-2309
305-358-2081
305-358-0910 (FAX)
E-mail: *RBerg@FloridaJusticeInstitute.org*
E-mail: *JGlickman@FloridaJusticeInstitute.org*
E-mail: *SHeller@FloridaJusticeInstitute.org*

Attorneys for the Plaintiff

By: *s/Shawn A. Heller*
　　　Shawn A. Heller, Esq.
　　　Florida Bar No. 46346

{07042693;3}

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 6, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                            *s/Shawn A. Heller*
                                            Shawn A. Heller, Esq.

{07042693;3}

**SERVICE LIST**
*Wolfe vs. Florida Department of Corrections*
**Case No. 5:10-CV-663-Oc-10DAB**
**Middle District of Florida, Ocala Division**

**Served via CM/ECF**
Scott K. Hewitt, Esq.
skh@manfitzlaw.com
Mandelbaum, Fitzsimmons & Hewitt, P.A.
P.O. Box 3373
Tampa, Florida 33601
813-221-0200
813-221-8558 fax

Counsel for Defendant, Florida Department of Corrections