UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

LYNN WOLFE, as Personal
Representative of the ESTATE OF
DANIEL WOLFE, on behalf of the
Estate, and on behalf of Daniel Wolfe's
Survivor, LYNN WOLFE,

        Plaintiff,

CASE NO.: 5:10-CV-663-Oc-10DAB

Vs.

FLORIDA DEPARTMENT OF
CORRECTIONS,

        Defendant.

_____/

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL AND REQUEST FOR EXTENSION OF TIME

Defendant by and through undersigned counsel hereby responds to Plaintiff's Motion to Compel and requests that the Court extend the deadlines in its January 24, 2011 Scheduling Order by sixty (60) days for discovery, expert disclosures, dispositive motions and trial.

### A.    Defendant's Response to Plaintiff's Motion to Compel

    1.    Plaintiff alleges it served its First Request for Production of Documents on October 15, 2010, which timely responses were provided by Defendants. Plaintiff asserts that additional documents were identified through the deposition of Sergeant Ackerman on July 20, 2011. However, Plaintiff specifically identifies reports and visitation logs that are dated and existed in 2004. Although such reports and documentation may have existed in 2004, the information is believed to no longer exist.

2. During the good faith discussions between Plaintiff's counsel and Defendant's counsel it was relayed to Plaintiff that this 2004 information had been purged in accordance with all statutory, regulatory and internal guidelines and procedures.

3. In addition, Defendant has responded to Plaintiff's request regarding an FDLE notification. The response to Plaintiff's request was that no written notification existed.

4. As no additional documented information exists, Defendant cannot be compelled to produce such non-existent information.

5. Defendant has recently learned that there may be outside warehouses that house purged information. Defense's counsel undersigned indicated to Plaintiff that it would continue to search for this information and provide it, if it existed. At this time Defendant has conducted a diligent search about location of any further information requested in Plaintiff First Request for Production of Documents, and none exists.

6. In regards to Plaintiff's Motion to Compel concerning the Second Set of Interrogatories dated June 24, 2011, the Defendant will provide such information on or before October 31, 2011. Defendant will accordingly notify the court upon the disclosure of this information.

7. The Plaintiff also requests information regarding the Third Set of Interrogatories served on August 29, 2011. Defendant's undersigned counsel has notified Plaintiff that there was a change in the Warden and the Warden's subordinates at Lake Correctional Institution on or about the date of service of these Interrogatories. Unfortunately, this has resulted in extensive personnel changes, particularly those with

knowledge of Plaintiff's requests. And in fact, the accurate information to be produced today is different than would have been accurate on August 29, 2011 (the service date of this discovery). As such Defendant will provide the new accurate information on or before October 31, 2011, to avoid further delay and complications in the discovery process.

8. Plaintiff's position that the Department of Corrections has "completely failed to respond" to three sets of discovery requests is totally unsupported. As of August 11, 2011 undersigned counsel has produced 3122 bates stamped documents in response to Plaintiff's various requests.[1] The Defendant has made great effort to locate and produce all responsive documents still in existence, and, as stated above, will continue to fully and accurately respond to all of Plaintiff's discovery requests when additional information and documents are uncovered.

B. **Defendant's Unopposed Motion for Extensions to the Court's Scheduling Order (Dkt. No.: 24)**

1. As has been indicated, there has been a complete turnover in the hierarchy at Lake Correctional Institution, as well as, other Florida Department of Corrections personnel to include the Secretary and security staffing. In this regard, the Department of Corrections will need to update its witness disclosures to provide the now current and accurate individuals with knowledge. In order to avoid any problems associated with late disclosure and permit Plaintiff and Defendant to conduct additional discovery in regards to the new personnel, Defendant requests an extension of sixty (60) days (from December 9, 2011 to February 9, 2012) to the discovery deadline.

---

[1] As of the filing date for this document, the Defendant has produced documents identified as WOLFE 3123-3127 to Plaintiff's counsel, which include the Lack Correction Institute's Housing Unit Log for "E-Dorm" and Medical Examination Room for August 3, 2006.

2. In addition, Defendant requests that the dispositive motion be extended from January 9, 2012 until March 9, 2012.

3. Given the nature of these requests the Defendant suggests that the trial of this case be moved from the April 2012 docket until the June 2012 docket.

4. Defendant has conferred with Plaintiff's counsel on these deadline extensions, and Plaintiff's counsel has no objection to this request for extensions.

5. The Defendant's requests for extension to produce the documents and responses requested in Plaintiff's Motion to Compel, as well as, the extensions to the Court's Scheduling Order is not intended for the purposes of delay or harassment. Rather it is a good faith attempt intended to complete the discovery that is necessary for both parties to allow for the efficient and just resolution to this case.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been provided via U.S. Mail to Shawn A. Heller, Esq., Florida Justice Institute, Inc., 100 S.E. 2nd Street, 3750 Miami Tower, Miami, Florida 33131-2309 this __21__ day of October, 2011.

MANDELBAUM, FITZSIMMONS & HEWITT, P.A.

/s/ Scott K. Hewitt

SAMUEL R. MANDELBAUM, ESQ. #270806
SRM@MANFITZLAW.COM
SCOTT K. HEWITT, ESQ. #164836
SKH@MANFITZLAW.COM
STEPHEN A. SPAID, ESQ. #0085432
SAS@MANFITZLAW.COM
Post Office Box 3373
Tampa, Florida 33601
Telephone: (813) 221-0200
Facsimile: (813) 221-8558