UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

LYNN WOLFE, as Personal
Representative of the ESTATE OF
DANIEL WOLFE, on behalf of the
Estate, and on behalf of Daniel Wolfe's
Survivor, LYNN WOLFE,

        Plaintiff,

CASE NO.: 5:10-CV-663-Oc-10DAB

vs.

FLORIDA DEPARTMENT OF
CORRECTIONS,

        Defendant.
_____/

## DEFENDANT'S MOTION TO SEAL

**COMES NOW** the Defendant, FLORIDA DEPARTMENT OF CORRECTIONS, by and through undersigned counsel, and hereby moves this Honorable Court to allow the Defendant to file documents under seal, and in support states the following:

1.    On or about July 15, 2011, the parties to this action have entered into a confidential agreement, which pertains to, *inter alia*, documents with security implications for the Department, *i.e.* the Defendant's Post Orders, Technical Instructions, Training Materials, Policies and Procedures. The primary intent of the Department in entering into the confidentiality agreement was to prevent the release of documents that, if released to the public at large, could be used by third-parties to compromise the security of the Department's various institutions.

1

2. On or about June 11, 2012, Defendant filed its to Motion for Summary Judgment as to Counts II and III of Plaintiff's First Amended Complaint. (D.E. 52.) Included in the motion were references to various policies and procedures, which included:

1) Procedure 604.101 (7-1-2002), Bates # 3878-3892;

2) Technical Instruction No. 15.03.25 (3-7-2001), Bates # 3319–3326;

3) Technical Instruction 15.03.05 (Appendix 1), Bates # 3317-3318;

4) Technical Instruction 15.03.13 (2-4-2004), Bates # 3540–3545; and

5) FDOC Master Training Plan 2005-2006, Bates # 4135-4183.

The Defendant seeks to file these documents with the Court, as the documents support various arguments presented by the Defendant in its Motion for Summary Judment, and review of same is necessary for this Honorable Court to fully evaluate the Defendant's position.

3. Security is of utmost concern to the Department of Corrections. With that said, the Department understands that discovery of pertinent documents, such as those listed, should be made in cases such as this. Accordingly, each of these documents listed in Paragraph 2 of this motion have been produced to the Plaintiff through the course of discovery, but have not previously been filed with the Court in relation to this matter.

4. By allowing the Defendant to file these documents under seal, the Court will have an opportunity to fully and accurately evaluate the Defendant's argument, while limiting the possibility that such documents are made available to individuals which may intend to use them for inappropriate means.[1]

5. Given the high importance of maintaining secure, safe correctional facilities throughout Florida, the Department requests that it be permitted to file the aforementioned

---

[1] While some of the documents listed may appear relatively innocuous, the Department hedges on the side of caution, as the type of individuals likely to misuse the information contained in the documents are often creative and sophisticated in their planning.

2

records with the Clerk under seal, and that such records be removed permentantly from the Clerk's records within 1 year of the disposition of this matter.

6. Upon approval of the Court, the Defendant will file the above listed documents with the Court in accordance with the local rules, the Federal Rules of Civil Procedure, and the confidentiality agreement executed by the parties.

## MEMORANDUM OF LAW

To file a document under seal, the court shall determine the matter upon motion by the party. *Kuhns v. Zimmer, Inc.*, 806-CV-2343T-23TBM, 2007 WL 781783 (M.D. Fla. Mar. 13, 2007). "The motion shall be in conformance with Local Rule 1.09, which sets forth the procedures to be followed when a party seeks to file motion to seal." *Id.* The party seeking the protection has the burden of establishing that the document should be filed under seal. *F.T.C. v. Alcoholism Cure Corp.*, 3:10-CV-266-J-34TEM, 2010 WL 4840046 (M.D. Fla. Nov. 23, 2010). To get the court's approval, the moving party must:

> file and serve a motion, the title of which includes the words "Motion to Seal" and which includes (i) an identification and description of each item proposed for sealing; (ii) the reason that filing each item is necessary; (iii) the reason that sealing each item is necessary; (iv) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (v) a statement of the proposed duration of the seal; and (vi) a memorandum of legal authority supporting the seal.

M.D. Fla., Local R. 1.09(a). "Every order sealing any item pursuant this section shall state the particular reason the seal is required." *Id.*

Although the public's right of access to judicial records is well established, it is not absolute and "may be overcome by a showing of good cause, which requires balancing the asserted right of access against the other party's interest in keeping the information confidential."

3

*Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (internal quotations and citations omitted). Courts balance these interests by considering:

> whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials of public concerns, and the availability of a less onerous alternative to sealing the documents.

*Bovie Med. Corp. v. Livneh*, 8:10-CV-1527-T-24EAJ, 2010 WL 4117635 (M.D. Fla. Oct. 19, 2010) (Defendants move the Court for permission to file under seal 54 pages of exhibits in support of their reply, which they contend include confidential, sensitive, and private business information.).

The Court is generally inclined to allow documents to be filed under seal in cases where the sensitive nature of the documents has been identified, thus the Department should be permitted to file under seal. *See Bovie Med. Corp.*, 2010 WL 4117635. The Department is identifying specific documents it seeks to have sealed and explains the reasons why. Additionally, the Department explains why the sealing of each identified document is necessary, and why means other than sealing are unavailable or unsatisfactory. Finally, the Department has established "good cause" why any documents contained in the declarations and exhibits should be sealed.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 14th, 2012, I electronically filed the foregoing document through the US District Court CM-ECF filing system which will electronically send copies to Shawn A. Heller, Esq., Florida Justice Institute, Inc., 100 S.E. 2nd Street, 3750 Miami Tower, Miami, Florida 33131-2309.

**MANDELBAUM, FITZSIMMONS & HEWITT, P.A.**

/s/ Samuel R. Mandelbaum

---

**SAMUEL R. MANDELBAUM, ESQ. #270806**
**SRM@MANFITZLAW.COM**
**SCOTT K. HEWITT, ESQ. #164836**
**SKH@MANFITZLAW.COM**
**STEPHEN A. SPAID, ESQ. #0085432**
**SAS@MANFITZLAW.COM**
Post Office Box 3373
Tampa, Florida 33601
Telephone: (813) 221-0200
Facsimile: (813) 221-8558