UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION
CASE NO.: 5:10-cv-663-Oc-PRL

LYNN WOLFE as Personal Representative
of the ESTATE OF DANIEL WOLFE, on behalf
of the Estate, and on behalf
of Daniel Wolfe's Survivor, Lynn Wolfe,

    Plaintiff,

v.

FLORIDA DEPARTMENT OF CORRECTIONS,
an Agency of the State of Florida,

    Defendant.
_____/

**PLAINTIFF'S RESPONSE TO DEFENDANT'S OPPOSED MOTION FOR LEAVE TO CONTINUE DEPOSITION OF WITNESS DAVID KITT**

    Plaintiff, Lynn Wolfe, by and through undersigned counsel, responds in opposition to Defendant's Motion for Leave to Continue Deposition of Witness David Kitt, or Alternatively Strike the Witness (DE 79). Eight months after Defendant took David Kitt's deposition, and three months after the close of discovery, Defendant now seeks to depose Mr. Kitt for a second time. For the reasons that follow, Defendant's motion should be denied.

    1.    On November 22, 2011, Defendant took Mr. Kitt's deposition. Defendant's counsel questioned Mr. Kitt for approximately one and a half hours, covering numerous topics, including Mr. Kitt's time at Lake Correctional Institution, his relationship with Daniel Wolfe, Daniel's asthma, the frequency of Daniel's inhaler use, Mr. Kitt's conversations with Plaintiff's counsel, Mr. Kitt's first declaration, the events on the night of Daniel's death and the prison staff's response, Mr. Kitt's conversations with a prison inspector, and part of Mr. Kitt's criminal and disciplinary history.

{07056113;8}

2. Since that time, other than a passing reference, Defendant's counsel never once raised the issue of continuing Mr. Kitt's deposition. The discovery deadline in this matter was April 30, 2012 (DE 46). Thus, Defendant waited for eight months after the incident and three months after the close of discovery—not the mere two weeks that Defendant suggests—to raise this issue. "[T]he failure to timely raise discovery non-compliance under Rule 37 constitutes a waiver of such rights." *Tolliver v. Federal Republic of Nigeria*, 265 F.Supp.2d 873, 880 (W.D. Mich. 2003).

3. "[T]he completion date for discovery means just that—all discovery must be completed by that date." *Chevola v. Cellco P'ship*, No. 8:06-cv-1312, 2007 WL 3379779, at *1 (M.D. Fla. Nov. 14, 2007) (citing Middle District Discovery (2001) at § I.F.1)). Even "[i]f the parties agree to conduct discovery after the Court's discovery deadline, they cannot expect the Court to resolve their post-deadline discovery disputes." *Chevola*, 2007 WL 3379779 at *1. Indeed, parties must "address disputes promptly before the discovery deadline passes or soon thereafter." *Id. See also Pushko v. Klebener*, 2007 WL 2671263, No. 3:05-cv-211-J-25HTS, at *2 (M.D. Fla. Sept. 7, 2007) ("Motions to compel must be brought in a timely manner."); *AB Diversified Enters. v. Global Transp. Logistics, Inc.*, No. 06-21308-CIV-LENARD/TORRES, 2007 WL 1362632, at *1 (S.D. Fla. May 7, 2007) ("[A] motion to compel filed more than two months after the discovery cutoff is clearly untimely.").

4. Courts in this District have denied similar motions as untimely after a delay of as short as a few weeks. *See Irwin v. Goodyear Tire & Rubber, Inc.*, 2008 WL 5431172, at *1 (M.D. Fla. Aug. 20, 2008) (denying a motion to compel as dilatory when it was filed "more than two weeks" following receipt of defendant's responses to a request to produce); *Se. Mech. Servs., Inc. v. Brody*, No. 808–CV–1151–T–30EAJ, 2009 WL 997268 (M.D. Fla. Apr. 14, 2009)

(denying a motion to compel as untimely when it was filed after a delay of two to three months); *Chevola*, 2007 WL 3379779 at *1 (denying a motion to compel as untimely when filed two and a half months after the discovery cutoff date); *Stone v. Geico Gen. Ins. Co.,* No. 8:05–CV–636–T–30–TMB, 2006 WL 2474251, at *1 (M.D. Fla. Aug. 25, 2006) (denying a motion to compel as untimely when it was filed "several months after the discovery cutoff date" and the movant "was fairly advised" approximately three months before the discovery deadline that defendant would not respond).

5.  Since Mr. Kitt's deposition, several other depositions have been taken, discovery has completed, a motion for summary judgment has been filed and responded to, and the Parties are preparing for trial. Defendant should not be permitted to re-open discovery after Plaintiff believed it to be closed for three months. Thus, Defendant has waived the right to continue Mr. Kitt's deposition by failing to raise the issue in a timely fashion.

6.  Further, there is no need for Defendant to ask Mr. Kitt any further questions. Mr. Kitt's deposition lasted two and a half hours, with Defendant's counsel questioning Mr. Kitt for approximately one and a half hours. Despite Defendant's assertion that the deposition ended after "only two and one half hours total," Mr. Kitt's deposition was actually one of the longest of all the inmate depositions. *See* DE 74-17 (Enrique Cotto's deposition lasted two hours); DE 74-19 (Ruben Berrios's deposition lasted one and a half hours); DE 74-21 (Alfredo Rivera's deposition lasted one hour and twenty minutes); (Luis Rivera's deposition lasted two hours and thirty-five minutes).[1] Moreover, the deposition concluded during a discussion about Mr. Kitt's disciplinary record, which was the last thing addressed at every other inmate's deposition. *See* DE 74-15 at 54-62. *See also* DE 74-17 at 61-63, 65; DE 74-19 at 45-47; DE 74-21 at 36-42. Mr.

---

[1] Although the durations of the depositions include time for Plaintiff's questioning, in all inmate depositions except for Mr. Kitt's, Defendant conducted the vast majority of the questioning.

{07056113;8}

Kitt's criminal and disciplinary history are matters of public record and therefore do not require further questioning. Plaintiff would also be willing to stipulate to the authenticity of this information, but not to its admissibility.

7.      Defendant also notes in its Motion that Mr. Kitt has provided two declarations in support of Plaintiff's Response to Defendant's Motion for Summary Judgment, suggesting that further questioning of Mr. Kitt is necessary. This argument is without merit. In Defendant's Motion for Summary Judgment, Defendant raised, for the first time, 1) an argument that Daniel was not disabled under the Americans with Disabilities Act (ADA), partially by implying that he was an active person; and 2) the fact that Timolol eye drops were found in Daniel's and Kitt's cell. Defendant did not file a motion to dismiss on the disability issue, and Plaintiff believed the record of Daniel's numerous asthma emergencies plainly indicated that Daniel was disabled.[2] Thus, Plaintiff was required to gather further evidence of Daniel's disability in response to Defendant's Motion, and spoke to Mr. Kitt about why eye drops were found in his and Daniel's cell. Mr. Kitt's new declarations did not exist before then because Plaintiff was not aware that Defendant was going to raise these issues. The declarations address Daniel's persistent breathing difficulties and explain the presence of the Timolol eye drops.[3] They do not conflict with Mr. Kitt's deposition testimony in any way.

8.      Any claim by Defendant that they are now entitled to depose Mr. Kitt further because they were surprised by his declarations is likewise without merit. The evidence that a party may offer at summary judgment is not limited to that elicited at a deposition. During trial,

---

[2] As an example, the Defendant in one nearly identical case did not raise the disability issue either. *See O'Neil v. Texas Dept. of Criminal Justice,* 804 F.Supp.2d 532, 538 (N.D. Tex. 2011).

[3] Defendant's own expert refutes Defendant's theory that Daniel was inexplicably using eye drops. *See* Deposition of Dr. Leslie Hendeles, DE 74-11, at 113:23-114:7 ("Q: Are Timolol eye drops generally associated with risk of abuse? A: Not that I know of. . . . Q: Have you ever heard of somebody using Timolol eye drops recreationally? A: Never.").

Mr. Kitt would not be limited in such a way, and there is nothing different about the testimony he proffers for summary judgment purposes.  Had Defendant truly had an issue with Mr. Kitt leaving his deposition early, Defendant would have raised the issue eight months ago, not after Plaintiff has filed its response to Defendant's Motion for Summary Judgment.[4]  This is nothing more than an attempt to get a second bite at the apple with the advantage of knowing how Plaintiff intends to support her position.

9. If allowed to proceed, Plaintiff would be severely prejudiced, because Defendant now knows how Plaintiff was intending to defend against Defendant's summary judgment motion, and may now tailor its discovery accordingly.  Plaintiff will also be prejudiced by having to attend a second deposition of Mr. Kitt.  He is currently incarcerated at Lake Correctional Institution, in Lake County, Florida.  Plaintiff will incur substantial costs by having to travel there from Miami.

10. Finally, Defendant has presented no reason why Mr. Kitt should be stricken as a witness.  *See Lamothe v. Bal Harbour 101 Condominium Ass'n, Inc*., 2007 WL 781909, *1 (S.D. Fla. Mar. 13, 2007) ("Striking witnesses or evidence in response to a discovery violation is a drastic remedy that should only be considered after other alternatives are exhausted or unavailable, and clearly only when the moving party has suffered irreparable harm or undue prejudice.").

## Conclusion

If Defendant had raised the issue of re-deposing David Kitt in a timely fashion, an arrangement could have possibly been made, especially because Plaintiff's counsel was

---

[4] This motion could be characterized as an improper motion brought under Rule 56(d).  Rule 56(d) motions may only be brought by the nonmovant.  Also, Rule 56(d) motions are required to be accompanied by an affidavit.  *See Slater v. Energy Services Group Intern. Inc.*, 441 F. App'x 637, 643 (11th Cir. 2011).

{07056113;8}

continuously traveling in central Florida for this case. However, by waiting for eight months, long after discovery closed, Defendant has waived its right to raise this issue. Even if the issue had been timely raised, Defendant has not been prejudiced because Mr. Kitt's deposition lasted longer than any other inmate's deposition, and the matters left to cover are public records within the Defendant's control. Mr. Kitt's two declarations respond directly to arguments raised for the first time in Defendant's Motion for Summary Judgment, and do not contradict his deposition testimony. Finally, Defendant has presented no reason why Mr. Kitt should be stricken as a witness.

For all the foregoing reasons, Plaintiff respectfully requests that Defendant's Motion for Leave to Continue Deposition of Witness David Kitt, or Alternatively Strike the Witness, be denied. If the Court is inclined to allow the second deposition, however, Plaintiff requests that Defendant 1) be required to pay Plaintiff's costs and attorneys' fees incurred in defending the deposition, and 2) not be permitted to use the deposition as additional evidence in support of its Motion for Summary Judgment.

Respectfully submitted,

Randall C. Berg, Jr., Esq.
Florida Bar No. 318371
Shawn A. Heller, Esq.
Florida Bar No. 46346
Dante P. Trevisani, Esq.
Florida Bar No. 72912

Florida Justice Institute, Inc.
3750 Miami Tower
100 S.E. Second Street

{07056113;8}

        Miami, Florida 33131-2309
        305-358-2081
        305-358-0910 (FAX)
        E-mail: *RBerg@FloridaJusticeInstitute.org*
        E-mail: *DTrevisani@FloridaJusticeInstitute.org*
        E-mail: *SHeller@FloridaJusticeInstitute.org*

        Attorneys for the Plaintiff

        By:    *s/Shawn A. Heller*
              Shawn A. Heller, Esq.

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on July 31, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

              *s/Shawn A. Heller*
              Shawn A. Heller, Esq.

**SERVICE LIST**
*Wolfe vs. Florida Department of Corrections*
**Case No. 5:10-cv-663-Oc-PRL**
**Middle District of Florida, Ocala Division**

**Served via CM/ECF**
Samuel R. Mandelbaum, Esq.
srmc@manfitzlaw.com
Scott K. Hewitt, Esq.
skh@manfitzlaw.com
Stephen A. Spaid
sas@manfitzlaw.com
Mandelbaum, Fitzsimmons & Hewitt, P.A.
P.O. Box 3373
Tampa, Florida 33601
813-221-0200
813-221-8558 fax
Counsel for Defendant, Florida Department of Corrections