**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**LYNN WOLFE, as Personal**
**Representative of the Estate of Daniel**
**Wolfe, on behalf of the Estate, and on**
**behalf of Daniel Wolfe's Survivor,**
**Lynn Wolfe**

     **Plaintiff,**

**v.**                                                                     **Case No:5:10-CV-663-Oc-PRL**

**FLORIDA DEPARTMENT OF**
**CORRECTIONS**

     **Defendant.**
_____/

**ORDER**

Pending before the Court is Defendant's Opposed Motion for Leave to Continue

Deposition of Witness David Kitt, or Alternatively Strike the Witness. (Doc. 79).   Plaintiff

filed a response in opposition (Doc. 83).

This action arises from the death of Daniel Wolfe ("Wolfe") from an asthma attack

while he was incarcerated at Lake Correctional Institute, a State facility.  Wolfe shared a

cell with inmate, David Kitt ("Kitt"), who remains incarcerated.  On November 22, 2011,

Kitt was deposed at Suwanee Correctional Institute in Live Oak, Florida.  During cross-

examination, which lasted approximately one and a half hours, defense counsel

questioned Kitt about numerous topics, including his relationship with Wolfe, Wolfe's

asthma, frequency of inhaler use, and the events on the night of Wolfe's death.  Kitt

walked out of the deposition while defense counsel was questioning him about his

disciplinary history.  Defendant did not move to continue Kitt's deposition. The discovery

period closed on April 30, 2012. (Doc. 46).

On June 11, 2012, Defendant filed its Motion for Summary Judgment as to Counts Two and Three of the First Amended Complaint, which allege claims under the ADA. (Doc. 52).  Defendant argued *inter alia*, that Wolfe did not have a disability within the meaning of the ADA because his asthma did not substantially limit his major life activity of breathing.  Defendant also noted, without any argument, that Timolol eye drops were found among Wolfe's personal belongings.  In response to Defendant's Motion, Plaintiff obtained and filed two declarations from Kitt in which he addressed Wolfe's breathing difficulties and explained that the Timolol eye drops belonged to him, not Wolfe. (Doc. 79-2).

On July 27, 2012 – three months after the close of discovery -- Defendant filed the instant Motion moving to compel the continuation of Kitt's deposition.  Defendant further asks the Court to either impose monetary sanctions on Kitt or strike him as a witness if he refuses to submit for a continuation of his deposition.

Because Kitt was previously deposed in this action and the parties have not stipulated to re-deposing him, Plaintiff "must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(2)."  Fed.R.Civ.P. 30(a)(2).  Further, in order to re-open discovery, Plaintiff must show good cause to modify the Court's Case Management and Scheduling Order.  Fed.R.Civ.P. 16(b)(4).

Defendant argues that Kitt's deposition should be continued because "[p]ermitting Kitt to choose his own stopping place with regard to his testimony, and to respond only those inquiries that to which he wishes to respond prohibits the Defendant from completing meaningful discovery as permitted by the Federal Rules of Civil Procedure, and testing the veracity of his statements." (Doc. 79, ¶5).

While Defendant's concerns are noted by the Court, Defendant did not seek leave to continue Kitt's deposition until Plaintiff filed Kitt's declarations in response to issues raised by Defendant's Motion for Summary Judgment.  If Defendant truly was concerned about Mr. Kitt unilaterally stopping the deposition, it should have moved to continue the deposition in a timely manner.  Instead, Defendant waited approximately eight months after Mr. Kitt's deposition and three months after the close of discovery before taking any action to continue the deposition.  That Plaintiff offered evidence at summary judgment that was not elicited at Kitt's deposition does not justify re-opening discovery.  Further, allowing Defendant to continue Mr. Kitt's deposition at this late date – after the close of discovery and after learning exactly how Plaintiff intends to support her claims – would be greatly prejudicial to Plaintiff.

Accordingly, under the circumstances presented here, Defendant has not shown good cause to re-open discovery to continue the deposition of Mr. Kitt, and thus, Defendant's Motion (Doc. 79) is **DENIED**.  Further, the Court finds no basis for imposing monetary sanctions on Mr. Kitt or striking him as a witness.

**DONE** and **ORDERED** in Ocala, Florida on August 8, 2012.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

3