# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

**LYNN WOLFE, as Personal Representative of the Estate of Daniel Wolfe, on behalf of the Estate, and on behalf of Daniel Wolfes Survivors, Lynn Wolfe and Stuart Wolfe**

 Plaintiff,

v.                 **Case No:5:10-CV-663-Oc-PRL**

**SECRETARY, DEPARTMENT OF CORRECTIONS**

 Defendant.

## ORDER

This matter is pending before the Court on Plaintiff's Motion in Limine to Exclude the Testimony of Undisclosed Witnesses. (Doc. 106). Defendant filed a response in opposition (Doc. 132).

Plaintiff moves the Court to exclude the testimony of eight witnesses – Alyson Rudolph, Richard Easterbrook, Ernesto G. Zavaleta, Allan Geuther, Deputy John Melbourne, Deputy T. Rich, Don Davis, and Grace M. Davis – because they were not properly disclosed to Plaintiff under Federal Rule of Civil Procedure 26(A)(1)(a). This rule provides in pertinent part that a party must disclose "the name . . . of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed.R.Civ.P. 26(a)(1)(A)(i). A party must supplement this disclosure "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the

- 2 -

additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing . . . ." *Id*. at R.26(e)(1)(A).

Here, Defendant neither listed these witnesses in its initial disclosures nor supplemented its disclosures; rather, these witnesses were disclosed for the first time on October 1, 2012, more than five months after the close of discovery and just two weeks before the deadline for filing the parties' joint pretrial statement.

Defendant argues that it had no duty to formally supplement its initial disclosures because the identity of these witnesses had "otherwise been made known to the other parties during the discovery process or in writing." The Advisory Committee Notes to Rule 26(e) provide that there is "no obligation to provide supplemental or corrective information that has been otherwise made known to the parties in writing or during the discovery process, as when a witness not previously disclosed is identified during the taking of a deposition." Although Defendant failed to identify these witnesses in response to interrogatories, Defendant nonetheless argues that there is "ample reference" to these witnesses in medical records, deposition testimony and classification records produced by Defendant during discovery. Doc. 132 at 8.

The Court agrees that the identity of Allan Geuther, Ph.D., J.D. was made known to Plaintiff during the discovery process, and thus, his testimony will be permitted. Dr. Geuther was identified on April 25, 2012 during the deposition of Defendant's medical expert, Leslie S. Hendeles, Pharm. D. (Doc. 132-1). However, where Defendant simply asserts that the names of Alyson Rudolph, Richard Easterbrook, Ernesto G. Zavaleta, M.D., Deputy John Melbourne, Deputy T. Rich, and Grace M. Davis were identified in records produced to Plaintiff[1] – but

---

[1] According to Defendant, Alyson Rudolph, M.A., Ed.S., was identified in the decedent's medical records as a treating psychologist during his incarceration; Richard Easterbrook was identified in the Inspector General's report as the Inspector assigned to conduct the investigation and prepare the IG Report; Deputy John Melbourne was

Plaintiff's counsel represents that he was not aware of these potential witnesses until October 1, 2012 – the Court cannot find that the identity of these witnesses was "made known to the other part[y] during the discovery process." Indeed, the purpose of Rule 26(a) is not furthered by "[r]equiring plaintiff to ferret out the names and addresses of potential witnesses listed in hundreds of pages of documents. . . ." *Mary Kay, Inc. v. Weber*, No. 3-08-cv-0776-G, 2008 WL 5411369, at *1 (N.D. Tex. Dec. 29, 2008).

Nonetheless, Defendant contends that the Court should exercise its discretion to allow these witnesses because its failure to disclose the identity of these witnesses was not in bad faith; the witnesses are offered to directly refute Plaintiff's case-in-chief, much of which first surfaced in Plaintiff's responsive pleading to summary judgment; and Plaintiff's counsel has had adequate time prior to trial to prepare to discover their testimony. If a party fails to disclose or supplement this information, then "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." *Id.* at R.37(c). The "party failing to comply with Rule 26 bears the burden of showing that its actions were substantially justified or harmless." *Murdick v. Catalina Marketing Corp.,* 496 F.Supp.2d 1337, 1345 (M.D. Fla. 2007). In determining whether to exclude a non-disclosed witness' testimony, courts consider: (1) the importance of the testimony; (2) the reasons for the failure to timely disclose the witness; and (3) the prejudice to the opposing party if the witness had been allowed to testify. *Cooley v. Great Southern Wood Preserving*, 138 F. App'x 149, 161 (11th Cir. 2005).

---

identified in the Commitment to Custody records contained in the decedent's classification file for one of his most relevant criminal convictions; Deputy T. Rich was listed in records kept in the decedent's Classification File as an arresting officer for one of the decedent's relevant criminal convictions; Grace M. Davis was identified in the decedent's Classification File as one of the officers that the decedent physically assaulted during his incarceration.

- 4 -

Here, Defendant fails to offer much insight as to why the testimony of these witnesses is important. Plaintiff contends that the majority of the testimony to be offered by these witnesses would be irrelevant or duplicative. Defendant does not directly refute this argument; nor does it explain how the testimony would be relevant and/or for what purpose it would be offered. Further, it is worth noting that the only witness listed as "likely to be called" is Alyson Rudolph; each of the other witnesses is listed as "may be called." (Doc.144-4). Likewise, other than vague assertions that Plaintiff made new arguments in response to Defendant's motion for summary judgment, Defendant has failed to offer any meaningful explanation as to why it failed to timely disclose these witnesses. Finally, even though the degree of surprise admittedly was lessened by the continuance of trial, Plaintiff still is prejudiced by the nondisclosure of these witnesses during the discovery period.

Weighing all of these factors, the undersigned finds that Plaintiff's motion in limine (Doc. 106) is due to be **DENIED** as to Allan Geuther, Ph.D., J.D and **GRANTED** as to Richard Easterbrook, Ernesto G. Zavaleta, M.D., Deputy John Melbourne, Deputy T. Rich and Grace M. Davis. Defendant is precluded from calling Richard Easterbrook, Ernesto G. Zavaleta, M.D., Deputy John Melbourne, Deputy T. Rich and Grace M. Davis as witnesses except for impeachment purposes. Based on the seemingly greater importance of Alyson Rudolph's testimony, the Court **RESERVES** ruling on whether her testimony will be allowed at trial.

**DONE** and **ORDERED** in Ocala, Florida on December 28, 2012.

PHILIP R. LAMMENS
United States Magistrate Judge

- 5 -

Copies furnished to:

Counsel of Record
Unrepresented Parties